**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AKEIM RASHAD McFADDEN,<br><br>Petitioner,<br><br>v.<br><br>KELLY SANTORO,<br><br>Respondent. | No. 2:22-CV-2244-WBS-DMC-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. §2254. Pending before the Court is Respondent's unopposed motion to dismiss. See ECF No. 16. Respondent has lodged portions of the state court record in support of her motion. See ECF No. 15.

**I. BACKGROUND**

In October 2020, in the County of Sacramento, Petitioner was convicted of first-degree murder, attempted voluntary manslaughter, and two counts of being a felon in possession of a firearm. See ECF No. 1. Petitioner was sentenced to a total term of 75 years to life, plus 23 years, and 8 months in prison. See ECF No. 15-2. Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District. See id. at 2. On appeal, Petitioner contended: (1) allowing the witness, Eric Mahon, to testify while wearing an N95 mask violated

1

1  Petitioner's constitutional right of confrontation; (2) the evidence was insufficient to sustain the
2  jury's finding of premeditation and deliberation in connection with first degree murder; (3) the
3  court was required to stay one of his sentences for possession of a firearm; and (4) resentencing is
4  required. See id.  The California Court of Appeal affirmed the convictions and enhancement
5  findings but vacated the sentence imposed because the trial court should have stayed one of
6  Petitioner's sentences for possessing a firearm.  Id.  The case was remanded for resentencing; in
7  all other respects, the judgment was affirmed.  Id.  Petitioner sought review by the California
8  Supreme Court, which denied direct review on October 12, 2022.  See ECF No. 1 at 2-3.
9        On March 17, 2023, Petitioner was resentenced in the Sacramento County
10 Superior Court to 75 years to life, plus a determinate state prison term of 11 years, 4 months.  See
11 ECF No. 15-5.
12
13                                **II. DISCUSSION**
14       Respondent argues this action must be dismissed as premature because, at the time
15 the petition was filed, direct review in state court had not concluded and, as a result, the
16 conviction was not yet final.  See ECF No. 16.  The Court agrees.
17       Generally, habeas corpus is a judicial review process by the Supreme Court or the
18 district courts of any person's detention, whether by formal custody, incarceration, or continuing
19 restraint, by an official or agent of the government of a state or federal government.  See 28
20 U.S.C. § 2241.  The petitioner must exhaust the remedies available in state court unless there is an
21 urgent need to prevent irreparable harm.  See 28 U.S.C. § 2254; Younger v. Harris, 401 U.S. 37
22 (1971).  The Younger rule is designed to prevent a federal court from making a determination that
23 would enjoin the state court proceedings.  Id. at 59.  Moreover, the federal claims may be moot if
24 the state court determines Petitioner should be granted relief.  Id. Under Younger, the Court
25 considers the status of the state court proceedings at the time of filing.  Id. at 37.
26 / / /
27 / / /
28 / / /

When Petitioner filed this § 2254 action, he still had the opportunity to pursue relief through California courts. See ECF No. 16 at 1. Petitioner was resentenced on March 17, 2023, and the deadline to file an appeal of that judgment was May 16, 2023. See id.; Cal. Rules of Court, Rule 8.406. Petitioner filed this petition on November 28, 2022— he did so before his resentencing and before he had the opportunity to appeal the resentencing. See ECF No. 1. Respondent argues that the Court should abstain from proceeding on the federal petition because, under the Younger doctrine, a federal court should not intervene in a pending or threatened state criminal proceeding without extraordinary circumstances, meaning the danger of irreparable loss is great and immediate. Younger, 401 U.S. at 49.

The Court agrees with Respondent. Under the abstention doctrine, the petition should be dismissed. Id. It is premature for this Court to review Petitioner's federal challenge to his conviction when the review of that conviction by the state courts may not have yet been completed. Id. The basic principles of comity and federalism require federal courts to abstain from interfering with pending state criminal proceedings. Id. Abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the Petitioner an adequate opportunity to raise the federal issue. Id. Here, at the time he filed the habeas corpus petition, his new sentence was not yet final, and Petitioner still had the option to file an appeal to the state appellate court by May 16, 2023. See ECF 16 at 1.

As Petitioner has not responded to the current motion to dismiss, this Court has no information suggesting that Petitioner pursued appeal following his resentencing and, if he did, what the result was. Because the Court considers the state of exhaustion at the time the petition was filed, this Court must dismiss the petition. See Younger, 401 U.S. at 37. Petitioner is free to file a new action challenging the new sentence.

///
///
///
///
///

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 16, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(l) provisions. Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 1, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE